IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRANCE SAUNDERS,<br>Reg. No. 18923-076,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM K MARSHALL, III, and<br>B.D. WALKER,<br><br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:25-CV-964-WKW<br>)          [WO]<br>)<br>)<br>)<br>) |

# ORDER

Petitioner Terrance Saunders, a federal inmate proceeding *pro se*, commenced this action by filing a petition seeking habeas corpus relief under 28 U.S.C. § 2241. (Doc. # 1.) In his petition, which was docketed on December 8, 2025, Petitioner challenges "the unconstitutional execution of his imposed sentence." (Doc. # 1 at 8.) Specifically, Petitioner alleges that the Federal Bureau of Prisons (BOP) improperly has disallowed Petitioner time credits that he insists he has earned under the First Step Act (FSA). (*See* Doc. # 1 at 2, 7.) Petitioner argues that venue is proper because he "is currently incarcerated in a facility within the bounds of the Middle District of Alabama." (Doc. # 1 at 2.)

The proper venue for a § 2241 petition is the federal district where the inmate is confined at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)

("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a))); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (per curiam) ("Under the plain language of § 2241, 'jurisdiction lies in only one district: the district of confinement.'" (quoting *Rumsfeld*, 542 U.S. at 443)); *United States v. Michel*, 817 F. App'x 876, 879 (11th Cir. 2020) (per curiam) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." (quoting *Fernandez v. United States*, 841 F.2d 1488, 1495 (11th Cir. 1991))).  It appears that Petitioner is confined at the Talladega Federal Correctional Institution, which is located in the Northern District of Alabama.  Therefore, the Northern District is the proper venue for this § 2241 petition.

Based on the foregoing, it is ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a) (allowing the district court of a district in which a case has been improperly filed to "in the interest of justice, transfer such case to any district or division in which it could have been brought").

The Clerk of Court is DIRECTED to take the steps necessary to effectuate the transfer.[1]

---

[1] In transferring this action, the court does not make any determination regarding the merits of the petition.

2

DONE this 9th day of December, 2025.

                                              /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE